**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Russell GREENWOOD, et al., Defendants.**

**No. 87–3266.**

United States District Court, C.D. Illinois, Springfield Division.

March 2, 1989.

See also 719 F.Supp. 749.

Cheryl Ragel Stickel, Mohan, Alewelt & Prillaman, Springfield, Ill., Richard G. Smolev, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., Marilyn E. Anderson, F.D.I.C., Washington, D.C., for plaintiff.

Charles E. Holt, Graham & Graham, Springfield, Ill., Louis C. Roberts, Christopher J. Graham, Raymond J. Jast, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Russell Greenwood, J. Ellis Hicks, John L. Spinner, Myrel L. Whitmyer and William Young.

Kelly D. Long, Hillsboro, Ill., for William Young.

Alan Pretnar, Taylor Springs, Ill., for Russell Greenwood.

Dave Duez, Bruce H. Schoumacher, McDermott, Will & Emery, Chicago, Ill., for John Spinner & Myrel L. Whitmyer.

## ORDER

RICHARD MILLS, District Judge:

This cause is before the Court regarding the jury instructions to be given. The parties are in disagreement over three main issues: (1) the standard of care applicable to the Defendants; (2) the applicable statute of limitations; and (3) circumstances in which the applicable statute of limitations is tolled.

## I—Standard of Care

▮ Plaintiff contends that the applicable standard of care is that which a reasonably prudent director of a similar bank would have exercised under the circumstances. The Defendants, on the other hand, contend that Defendants Hicks, Spinner, Whitmyer, and Young were entitled to rely on the judgments of Defendant Greenwood and on the appearance that he was properly discharging his duties unless facts were brought to their attention that should have led them to believe that Defendant Greenwood was not properly discharging his duties. Further, Defendants contend that Defendant Greenwood is not responsible for an error in judgment even if the judgment was a poor one. Defendants contend that where matters of judgment are involved, Plaintiff cannot succeed unless it can establish that Defendant Greenwood had no reasonable basis for making the disputed decision.

> Directors must exercise ordinary care and prudence in the administration of the affairs of a bank, and this includes something more than officiating as figureheads. They are entitled under the law to commit banking business, as defined, to their duty authorized officers, but this does not absolve them from the duty of reasonable supervision, nor are they to be permitted to be shielded from liability because of want of knowledge of wrongdoing, if that ignorance is the result of gross inattention: ...

*Briggs v. Spaulding,* 141 U.S. 132, 165–66, 11 S.Ct. 924, 935–36, 35 L.Ed. 662 (1891) (cited in *Federal Deposit Insurance Corp. v. Butcher,* 660 F.Supp. 1274 (E.D.Tenn. 1987)). Thus, it is clear that Defendants Hicks, Spinner, Whitmyer, and Young were not entitled to rely completely on the judgments of Defendant Greenwood and on the appearance that he was properly discharging his duties. Directors have a duty to exercise that degree of care which a reasonably prudent director of a similar bank would have exercised under the circumstances. Included in this is a duty to exercise reasonable supervision over officers of the bank.

452

It is undeniable that Defendant Greenwood is not responsible for mere errors in judgment. The business judgment rule is a longstanding and widely accepted rule of law. The business judgment rule, however, presupposes that a director has exercised proper care, skill, and diligence. Thus, Defendant Greenwood was also required to exercise the degree of care that would be exercised by a reasonably prudent director of a similar bank under the circumstances.

II—Applicable Statute of Limitations

■ Plaintiff contends that this cause of action sounds in contract. If this is the case, the applicable statute of limitations is found in 28 U.S.C. § 2415(a) which provides a six year statute of limitations for actions brought by an agency of the United States that are founded upon an express contract or a contract implied in fact or law.

Plaintiff's argument that this cause of action sounds in contract is three-fold. First, Plaintiff argues that the assumption of the duties of directorship in a bank is an agreement to honestly, diligently, and properly direct the business of the bank. *Hughes v. Reed,* 46 F.2d 435, 440–41 (10th Cir.1931). Pursuant to 12 U.S.C. § 73, each director of a national bank takes an oath "that he will, so far as the duty devolves on him, diligently and honestly administer the affairs of such association, and will not knowingly violate or willingly permit to be violated any of the provisions of [the National Bank Act]." Plaintiff argues that this oath creates an express contract.

Second, Plaintiff argues that directors implicitly agree to properly and faithfully perform their duties and failure to perform these duties gives rise to an action sounding in contract. *Curtis v. Phelps,* 208 F. 577 (N.D.N.Y.1913).

Finally, Plaintiff simply argues that it has long been held that the liability of a bank director for breach of duty to the bank sounds in contract. *Hughes v. Reed,* 46 F.2d 435 (10th Cir.1931); *Boyd v. Schneider,* 131 F. 223, 226 (7th Cir.1904); *Federal Savings & Loan Insurance Corp. v. Burdette,* 696 F.Supp. 1196, 1201 (E.D.

Tenn.1988); *United States v. Douglas,* 626 F.Supp. 621, 623 (E.D.Va.1985).

Defendants contend that this cause of action sounds in tort. If this is the case, then the applicable statute of limitations is found in 28 U.S.C. § 2415(b) which provides a three year statute of limitations for tort actions brought by an agency of the United States.

Defendants first contend that no express contract is created by the oath taken by the directors pursuant to 12 U.S.C. § 73. In support, Defendants cite *McNair v. Burt,* 68 F.2d 814, 816 (5th Cir.1934), and *Federal Deposit Insurance Corp. v. Former Officers and Directors of Metropolitan Bank,* 705 F.Supp. 505 (D.Or.1987). Second, Defendants argue that the plain language of the oath shows that it is breached only when directors knowingly violate the National Bank Act. The United States Supreme Court has held that the oath is only breached by intentional wrongdoing. *Bowerman v. Hamner,* 250 U.S. 504, 39 S.Ct. 549, 63 L.Ed. 1113 (1918). Third, Defendants argue that the director's oath does not justify creating an implied contract but even if an implied contract is found, the contract limitation period should not be applied when the alleged contract simply requires a party to conform to its common law duty. Several courts have ruled that where a contract imposes no separate and independent duty other than that imposed by the common law, the tort statute of limitations applies. *United Bank of Switzerland v. H.S. Equities,* 423 F.Supp. 927 (S.D.N.Y.1976); *Securities–Intermountain v. Sunset Fuel,* 289 Or. 243, 259, 611 P.2d 1158 (1980). *See also Sugarman v. Sugarman,* 797 F.2d 3, 14 (1st Cir.1986); *Mack v. American Fletcher National Bank,* 510 N.E.2d 725, 738–39 (Ind.App. 1987).

The Court finds that the cause of action in the case at bar sounds in tort. Thus, the three year tort statute of limitations found in 28 U.S.C. § 2415(b) applies. The complaint filed in this case alleges that Defendants breached their duties of due care and diligence by committing various negligent acts or omissions. These are elements of a

cause of action in tort. Furthermore, as the Court has ruled herein, Defendants were subject to a duty to exercise the standard of care that would be exercised by a reasonably prudent director of a similar bank under the circumstances. This is a tort standard of care. Finally, the conclusion that Plaintiff's cause of action sounds in tort is supported by the comments to the second restatement of torts. "A fiduciary who commits a breach of his duty as a fiduciary is guilty of tortious conduct to the person for whom he should act." Restatement (2d) of Torts § 874, comment B (1979).

III—Tolling of Statute of Limitations

■ The final point of contention between the parties is the circumstances under which the applicable statute of limitations may be tolled. Plaintiff contends that the statute of limitations is tolled so long as the wrongdoers constitute a majority of the board of directors. This is the so-called "adverse domination" theory. Defendants contend that if there is a single director or shareholder who has access to information about any of the material facts upon which a cause of action can be based, there can be no tolling unless the accused parties actively concealed information or unless ownership of the corporation was so structured that there was exclusive ownership by the culpable parties. We find that the adverse domination theory is the law that should be applied. The rationale for this principle is that control of the board by wrongdoers precludes the possibility for filing suit since these individuals cannot be expected to sue themselves or initiate action contrary to their own interests. Furthermore, the adverse domination theory better recognizes the realities of a shareholder's position. Finally, the adverse domination theory has been applied by many courts that have recently considered this issue. It has recently been applied in *FDIC v. Bird*, 516 F.Supp. 647 (D.P.R. 1981); *FSLIC v. Williams*, 599 F.Supp. 1184 (D.Md.1984); *FDIC v. Buttram*, 590 F.Supp. 251 (N.D.Ala.1984); *FDIC v. Dempster*, 637 F.Supp. 362 (E.D.Tenn. 1986); *FDIC v. Berry*, 659 F.Supp. 1475 (E.D.Tenn.1987); *FDIC v. Hudson*, 673 F.Supp. 1039 (D.Kan.1987); *FDIC v. Butcher*, 660 F.Supp. 1274 (E.D.Tenn.1987).