**FEDERAL DEPOSIT INSURANCE CORPORATION, etc., Plaintiff,**

v.

**G. Del BATES, et al., Defendants.**

**No. 1:91CV2597.**

United States District Court, N.D. Ohio, E.D.

April 9, 1993.

Harry D. Cornett, Jr., Beth Whitmore, Arter & Hadden, Cleveland, OH, Michael J. Kennedy, Marilyn Klawiter, Nancy K. Linnerooth, Donald A. Tarkington, Stephen Novack, Novack & Macey, Chicago, IL, for plaintiff.

Gerald Arthur Messerman, Duvin, Cahn, Barnard & Messerman, Cleveland, OH, Richard T. Cunningham, Amer, Cunningham, Brennan, Akron, OH, Richard L. Stoper, Jr., Niki Z. Schwartz, Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

MATIA, District Judge.

The Federal Deposit Insurance Corporation ("FDIC") brings this action as manager of the FSLIC Resolution Fund against the former officers and directors of Cardinal Federal Savings Bank ("Cardinal"). Pursuant to appropriate resolution and agreement, all Cardinal capital stock was acquired by First Nationwide Financial Corp. and the instant claims then assigned to the FSLIC in December of 1988. Defendants were allegedly negligent, in breach of their fiduciary duty, and in breach of their implied contract of employment in their implementation and operation of an income property lending program between 1983 and 1986. Noticeably absent is a cause of action for gross negligence. Defendants filed a Motion to Dismiss asserting the statute of limitations and failure to state a claim under 12 U.S.C. § 1821(k).

In deciding this motion, the Court must address the following issues: the appropriate statute of limitations; and whether 12 U.S.C. § 1821(k) preempts federal common law whereby directors or officers are liable for less than gross negligence. The Court concludes that the action was filed in a timely fashion under the appropriate statute of limitations. However, since Section 1821 preempts federal common law, the FDIC must establish at least gross negligence.

■ This matter was filed in a timely fashion pursuant to the applicable statute of limitations, 12 U.S.C. § 1821(d)(14).[1] Relying upon the FDIC's lack of status as receiver or conservator, defendant directors apply the general statute of limitations in 28 U.S.C. § 2415 over the specific FIRREA statute of limitations in Section 1821. However, the FDIC retains the powers and privileges in its corporate capacity as assignor it enjoys as receiver or conservator. 12 U.S.C. § 1823(d)(3) ("With respect to any asset acquired or liability assumed, the Corporation shall have all rights . . . of the Corporation as receiver . . ."); FDIC v. Howse, 736 F.Supp. 1437 (S.D.Tex.1990). Section 1821 is also directed specifically at suits by the FDIC, whereas Section 2415 is a general limitations section. Specific limitations take precedence over general statutes of limitations. Finally, Section 2415 indicates that it applies "except as otherwise provided by Congress". Therefore, the appropriate statute of limitations is found in 12 U.S.C. § 1821.

Under Section 1821, claims are timely if: (a) the statute of limitations had not run prior to the date the government acquired the claims; and (b) if the FDIC brought the action within three years after acquisition. Since the action was filed within three years after acquisition, the second prong of the test is satisfied. The Court must look to Ohio law for the first prong of the test. Ohio's four year statute of limitations for tort claims is applicable for the negligence and breach of fiduciary duty claims. Ohio Rev.Code Ann. § 2305.09. The Court does not address the

---

1. 12 U.S.C. § 1821(d)(14) provides in pertinent part:

   STATUTE OF LIMITATIONS FOR ACTIONS BROUGHT BY CONSERVATOR OR RECEIVER (A) IN GENERAL—Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

   (i) in the case of any contract claim, the longer of—
   (I) the 6–year period beginning on the date the claim accrues; or
   (II) the period applicable under State law; and

   (ii) in the case of any tort claim, the longer of—
   (I) the 3–year period beginning on the date the claim accrues; or
   (II) the period applicable under State law.
   (B) DETERMINATION OF THE DATE ON WHICH A CLAIM ACCRUES. For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of—
   (i) the date of the appointment of the Corporation as conservator or receiver; or
   (ii) the date on which the cause of action accrues.

validity of the implied contract claim since it is not necessary for the instant determination. With acquisition of the claims on December 30, 1988 by the FDIC, the claims must have accrued after December 30, 1984.

As alleged in the complaint, the loan program—although initiated in 1983—continued until termination on August 19, 1986. Allegedly negligent loans, disbursements and renewals were made after December 30, 1984. The FDIC also calls for tolling under the Continuing Wrong Doctrine and Adverse Domination Doctrine, whereby the statute of limitations is tolled when a majority of the directors conceal the subject wrongdoing. *See Hall v. Cuyahoga Valley Joint Vocational,* 926 F.2d 505 (6th Cir.1991). Without deciding the applicability of the tolling doctrines and in keeping with the desire to decide matters on the merits, the Court concludes that the action is not barred by the statute of limitations.

■ The remaining issue is whether 12 U.S.C. § 1821(k) establishes a national standard of gross negligence for director liability, thereby preempting federal common law permitting liability for simple negligence. Defendant directors claim Section 1821 preempts culpability based on less than gross negligence, including FDIC's instant claims. In the alternative, if the Court were to accept the FDIC's interpretation, Section 1821 would preempt only state statutes insulating directors from liability for actions above the gross negligence standard.

This Court concludes that Section 1821(k) preempts federal common law and establishes gross negligence as the national standard for director liability. If Congress intended for the national standard for director liability to be simple negligence, then it should have been so codified in Section 1821(k). For whatever reason, Congress articulated a gross negligence standard and this Court will apply it. The legislative scheme of Section 1821 speaks directly to the question of the applicable standard. The Court is mindful that reasonable minds may differ in interpreting the Section. However, in light of the statutory language, case law in this Circuit and legislative history, preemption of common law is required.

■ The Court must initially decide whether state or federal common law is applicable. Courts have found Section 1821(k) preempts both state and federal common law, neither state nor federal common law, or federal, but not state, common law. Since Cardinal was organized and regulated under federal law, director liability may be found in federal common law, rather than state common law. *See Gaff v. FDIC,* 919 F.2d 384 (6th Cir.1990); *RTC v. Gallagher,* 800 F.Supp. 595 (N.D.Ill.1992). Preemption of state law is also an issue apart from preemption of federal law. Although preemption of state law requires evidence of Congress's "clear and manifest" purpose to do so, the same sort of clear and manifest purpose is not required when determining preemption of federal common law. *Milwaukee v. Illinois,* 451 U.S. 304, 313, 101 S.Ct. 1784, 1790–91, 68 L.Ed.2d 114 (1981). As stated by the United States Supreme Court in *Milwaukee, supra:*

> Such concerns are not implicated in the same fashion when the question is whether federal statutory or federal common law governs, and accordingly the same sort of evidence of a clear and manifest purpose is not required. Indeed, as noted, in cases such as the present *"we start with the assumption" that it is for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of federal law. Milwaukee, supra,* at 317, [101 S.Ct. at 1792] (emphasis added).

The Section's use of state law to define "gross negligence" also distinguishes preemption of state from federal common law. Therefore, this Court will only rely upon decisions concerning preemption of federal common law.

As in any case of statutory interpretation, the plain language of the law must be the focus. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); *Massachusetts v. Morash,* 490 U.S. 107, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). Section 1821(k) provides in pertinent part:

> *A director or officer of an insured depository institution may be held personally*

*liable for monetary damages in any civil action* by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation. . . .

(3) acting based upon a suit, claim, or cause of action purchased from, *assigned by,* or otherwise conveyed in whole or in part by an insured depository institution, *for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence)* including intentional tortious conduct, as such terms are defined and determined under applicable State law. *Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.* (emphasis added).

▮ In examining the pertinent language of the Section, any interpretation which permits simple negligence renders the Section internally inconsistent. The language of the statute itself in its entirety must be examined, looking not just at the disputed provision, but the remainder as well. *Massachusetts v. Morash,* 490 U.S. 107, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). A statute should be construed to avoid inconsistencies among its parts. *Louisiana Public Service Commission v. FCC,* 476 U.S. 355, 106 S.Ct. 1890, 90 L.Ed.2d 369 (1986). If actions upon simple negligence are preserved in the savings clause of the Section, the gross negligence standard articulated in the preceding sentence is rendered meaningless. It is inconsistent to conclude that Congress would define a standard of liability only to preserve a wide range of lesser standards in a general savings clause. As stated by the United States Court for the Northern District of Illinois:

[T]he explicit definition of the standard of actionable conduct—"gross negligence"—in § 1821(k) must take precedence over previous judicial determinations articulating "federal common law" claims based on allegations of conduct less egregious than gross negligence. The court must require that the gross negligence standard estab-

lished by the statute, rather than the previous "federal common law", cited by the FDIC, be met as to any federal claims for breach of the fiduciary duty of care against the officers or directors of FDIC insured financial institutions. *FDIC v. Miller,* 781 F.Supp. 1271 (N.D.Ill.1991).

This Court must apply Sixth Circuit precedent; however, this Circuit's discussion of the instant issue has been limited. In determining the FDIC's priority over a stockholder action against officers and directors, the Sixth Circuit provided its only insight into the preemptive effect of 12 U.S.C. § 1821(k) in *Gaff v. FDIC,* 919 F.2d 384 (6th Cir.1990), *modified,* 933 F.2d 400 (6th Cir.1991).

Finally, Congress has clearly indicated that the liability of officers and directors of a bank are determined under federal law. The relevant language of the new statute reads:

(Text of 12 U.S.C. 1821(k) omitted). The legislative history of this provision explicitly states an intent to nationalize the law of directors' and officers' liability when banks are taken over by the FDIC.

Title II preempts State law with respect to claims brought by the FDIC in any capacty [sic] against officers or directors of an insured depository institution. *The preemption allows the FDIC to pursue claims for gross negligence or any conduct that demonstrates a greater disregard of a duty of care, including intentional tortious conduct.* H.R.Conf. Rep. No. 22, 101st Cong., 1st Sess. 398 (1989).

We read these provisions together to say that *Congress referred to local law only for the definition of "gross negligence," not for the determination of the rights of FDIC to pursue such an action. Gaff, supra,* at 391 (emphasis added).

Reference to § 1821 was necessary for the Sixth Circuit's decision concerning Gaff's shareholder rights.[2] Further, as the lone interpretation of the Section by the Sixth Circuit, the Court will endeavor to apply it. Therefore, the Court will consider its import as more than mere dicta.

---

2. This Court does not agree with the Ninth Circuit's following conclusion in *McSweeney, supra:*
   In holding that federal law controlled, the court [Sixth Circuit in *Gaff*] opined that

§ 1821(k) supported its view that "the liability of officers and directors of a bank are determined under federal law." Because the interpretation of § 1821(k) was not at issue in *Gaff,*

Support for preemption of federal common law is also found in the legislative history of the Section. The last report of the Conference Committee, where the savings clause of the Section was added, reads as follows:

> The preemption allows the FDIC to pursue claims for gross negligence or any conduct that demonstrates a greater disregard of a duty of care, including intentional tortious conduct. *H.R.Cong.Rep. No. 101–222*, 101st Cong., 1st Sess. 393 (1989) [*See FDIC v. Swager*, 773 F.Supp. 1244 (D.Minn.1991) ].

The Court is mindful of comments arguably contrary in the legislative history as stated most notably in *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992). However, the report of the Congressional Record containing the contrary comments was made prior to the insertion of the savings clause by the Conference Committee. *See Swager, supra*, at 1248, n. 5.

Courts squarely addressing *federal* common law have also called for preemption.

> § 1821(k) establishes the *federal* standard of liability for directors and officers of federally insured depository institutions in this case. As Congress has spoken in this area, there is no need to fashion federal common law. *FDIC v. Mijalis*, Case No. 89–1316 [1991 WL 501602] (W.D.La. November 1, 1991).

*See also FDIC v. Mintz*, 816 F.Supp. 1541 (S.D.Fl.1993); *RTC v. Hecht*, 818 F.Supp. 894 (D.Md.1992) ("The Court cannot, as RTC implores, ignore a clear statutory mandate from Congress and apply a standard of care fashioned under federal common law before FIRREA was enacted"); *FDIC v. Barham*, 794 F.Supp. 187 (W.D.La.1991); *RTC v. Gallagher, supra; FDIC v. Miller, supra*.

The FDIC is able to muster general support against preemption in a number of cases, including two recent circuit court opinions.[3] However, the cases do not focus upon preemption of federal common law. For example, *FDIC v. Canfield*, 967 F.2d 443 (10th Cir.1992), addressed only the following issue:

The central question in this appeal is whether section 1821(k) establishes a national standard of gross negligence for officers and directors in actions brought by the FDIC, and *thereby preempts state statutory, or common law permitting actions for simple negligence. FDIC v. Canfield, supra*, at 445 (emphasis added).

Similarly, the Ninth Circuit in *McSweeney, supra*, discussed preemption of federal common law only in dicta. Although the Court has reviewed the policy implications argued in these cases, the Court must reject their collective statutory interpretation, as it concerns preemption of state law, and apply the Sixth Circuit's precedent in *Gaff, supra*.

Therefore, by failing to allege gross negligence or similar culpable conduct, the FDIC's complaint fails to state a claim upon which relief can be granted. Defendants' Motion to Dismiss is hereby granted, and all claims against the defendants are dismissed.

IT IS SO ORDERED.

---

and because the Sixth Circuit did not address the standard of care applicable under federal law, its discussion of § 1821(k) was dictum, and we do not regard the Sixth Circuit as having considered the issue before us. *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992).

**3.** The following cases preclude preemption of state law by Section 1821(k): *FDIC v. McSweeney*, 976 F.2d 532 (9th Cir.1992); *FDIC v. Canfield*, 967 F.2d 443 (10th Cir.1992); *FDIC v. Barham*, 794 F.Supp. 187 (W.D.La.1991); *RTC v. Gallagher*, 800 F.Supp. 595 (N.D.Ill.1992).