**FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the FSLIC Resolution Fund, Plaintiff–Appellant,**

v.

**G. Del BATES; Joseph J. Burgoon; Douglas N. Eklund; and Robert F. Seaton, Defendants–Appellees.**

No. 93–3800.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 22, 1994.

Decided Dec. 15, 1994.

Rehearing Denied Jan. 13, 1995.

**370**

Stephen Novack, Timothy J. Miller, Novack & Macey, Chicago, IL, and Edward O'Meara (argued and briefed), F.D.I.C., Washington, DC, for plaintiff-appellant.

Gerald A. Messerman (briefed), Duvin, Cahn, Barnard & Messerman, Cleveland, OH, Richard T. Cunningham (briefed), Amer, Cunningham & Brennan, Akron, OH, Richard L. Stoper, Jr. (argued) and Niki Z. Schwartz, Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for defendants-appellees.

Before: NELSON, SUHRHEINRICH, and SILER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

The issue presented is one of statutory construction: whether Section 1821(k) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73 (codified as amended in scattered sections of 12 and 15 U.S.C.), abridges the Federal Deposit Insurance Corporation's (FDIC) right to bring a federal common law

claim for simple negligence. This issue is one of first impression in this circuit.[1]

The FDIC sued the former directors and officers of Cardinal Federal Savings Bank (defendants), a federally-chartered institution. The FDIC sought recovery for losses resulting from defendants' negligence, breach of fiduciary duty and breach of contract. The district court dismissed the complaint, holding that 12 U.S.C. § 1821(k) preempts federal common law and limits the FDIC to suing directors and officers of failed federally-chartered institutions for gross negligence. 838 F.Supp. 1216. The district court subsequently denied the FDIC's motion to amend its complaint to add a count for gross negligence. The FDIC appeals.

Because we find that Congress has spoken directly to the standard of liability applied to cases brought by the FDIC against directors and officers of insured depository institutions, and that the legislative history is consistent with the statute, we conclude that the clear statement of Congress relegates any role that federal common law played prior to the enactment of FIRREA to one of historical interest.

**I.**

The issue of abrogation of a cause of action for simple negligence [2] implicates a matter of statutory interpretation. Consequently, our review is de novo. *Heitmanis v. Austin,* 899 F.2d 521 (6th Cir.1990).

■ The Supreme Court, in addressing whether federal legislation abrogated common law rights began its analysis with the recognition that "[s]tatutes which invade the common law ... are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident." *United States v. Texas,* —— U.S.

---

**1.** In *Gaff v. FDIC,* 919 F.2d 384, 386–87 (6th Cir.1990), *modified,* 933 F.2d 400 (6th Cir.1991), the court decided whether "federal common law of uniform application" preempted state law on issues of "ownership, priority and adjustment of claims by stockholders" against an officer once the FDIC assumed control over an insolvent national bank. The court, in reaching its conclusion that state law was preempted, relied in part on its reading of § 1821(k) as evidence that fed-

eral law totally preempts state law under FIRREA. *Gaff* did not directly consider the federal common law in relation to § 1821(k).

**2.** Although plaintiff brings claims under negligence, breach of fiduciary duty and breach of contract theories, references throughout the opinion will be limited to simple negligence. The analysis encompasses all three claims.

——, ——, 113 S.Ct. 1631, 1634, 123 L.Ed.2d 245 (1993)(discussing whether Congress intended the Debt Collection Act of 1982 to abrogate any federal common law right to collect prejudgment interest on debts owed to it by the States)(citing *Isbrandtsen Co. v. Johnson,* 343 U.S. 779, 783, 72 S.Ct. 1011, 1014–15, 96 L.Ed. 1294 (1952)); *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 105–08, 111 S.Ct. 2166, 2168–70, 115 L.Ed.2d 96 (1991). A statute abrogates federal common law if it " 'speak[s] directly' to the question addressed by the common law"; however, it is not necessary for Congress to "affirmatively proscribe" the common law. *Id.* The statutory language governs our interpretation unless clearly expressed, contrary legislative intent exists. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). Accordingly, we turn first to the language of the statute to determine whether § 1821(k) speaks directly to the question addressed by common law.

## II.

■ Section 1821(k) provides, in part, as follows:

> A director or officer of an insured depository institution may be held personally liable for monetary damages ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.

At issue is whether this language precludes the FDIC from bringing an action for simple negligence. The defendants contend that § 1821 preemptively established a nationally uniform standard holding bank officers and directors liable only for conduct constituting acts of gross negligence or worse. The FDIC contends that FIRREA does not abrogate director liability for simple or ordinary negligence.

Without question, the language establishes a federal cause of action for gross negligence.

Without question, the statute does not explicitly dissolve any common law cause of action for simple negligence. Our inquiry, however, does not end with these observations. We approach the task of interpretation mindful of the role of federal common law as a gap filler, developed when federal statutes do not address an issue. *Milwaukee v. Illinois,* 451 U.S. 304, 314, 101 S.Ct. 1784, 1791, 68 L.Ed.2d 114 (1981). In this case, federal common law does not coexist with the statutory provision at issue because we find that Congress has spoken directly to the standard of liability for officers and directors of federally insured depository institutions through § 1821(k). Under the framework espoused in *United States v. Texas,* the language contained in § 1821(k) indicates a statutory purpose contrary to any federal common law standard of liability which allowed suit based on simple negligence.

## A.

The statute states that directors "may" be held liable for acts of gross negligence, not "may only" be held liable. According to the FDIC, the term "may," without the word "only" following, empowers regulators to bring the action, but does not limit the cause of action which may be brought. Consequently, an interpretation that eliminates actions brought on federal common law requires the courts to implicitly read the word "only" into the text of the statute.

The Fifth and Seventh Circuits have rejected this proposed reading. *RTC v. Miramon,* 22 F.3d 1357, 1361–62 (5th Cir.1994); *RTC v. Gallagher,* 10 F.3d 416, 420 (7th Cir.1993). We reject it as well. The FDIC's reading places undue emphasis on the word "may," which does not modify the substance of the provision. The portion of the provision emphasized in our review is the last sentence of § 1821(k), the savings clause, which provides that § 1821(k) does not "impair or affect any right of the Corporation under other applicable law." It is a study of the boundaries of the savings clause which must guide our interpretation of the statute.

The language of the savings clause explicitly preserves the FDIC's right to proceed

"under other applicable law." The FDIC argues that had Congress wanted to limit their right to proceed under the federal common law, it would have qualified the savings clause in an explicit manner. For example, Congress would have substituted state law or statutory law for "other applicable law." Finally, the FDIC argues that a narrow reading renders § 1821(k) inconsistent with other provisions in the statute. For example, § 1821(*l*) allows for interest awards based on claims for "improvident" or "otherwise improper" conduct. The FDIC argues that improvident is synonymous with simple, not gross, negligence. Thus, if its federal common law right to proceed on a simple negligence claim is abridged, this provision becomes meaningless.

We reject these arguments. The rules of construction require courts to read statutes in a manner that affords internal consistency, *Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 370, 106 S.Ct. 1890, 1899, 90 L.Ed.2d 369 (1986), and to recognize that specific language controls general language. *Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 52 S.Ct. 322, 76 L.Ed. 704 (1932). If the court reads the savings clause to preserve simple negligence claims, then the gross negligence standard explicitly articulated in the savings clause is redundant, meaningless surplusage. Moreover, under the FDIC's construction, the explicit gross negligence provision would be trumped by the general savings clause. Therefore, we reject the interpretation offered by the FDIC and adopt the Seventh Circuit's construction of the savings clause in *Gallagher*. *Gallagher*, 10 F.3d at 420. Accordingly, we find that the savings clause preserves the FDIC's ability to take other regulatory actions based on simple negligence, i.e., to remove directors and to issue cease and desist orders, but does not preserve federal common law claims. *Id.* at 421. *See also Miramon*, 22 F.3d at 1361 (finding that the savings clause implied that the RTC's rights were impaired under some law) (citing *FDIC v. Swager*, 773 F.Supp. 1244, 1248 (D.Minn.1991)). The right impaired by § 1821(k) is the right to proceed on a less stringent cause of action, originating in federal common law and that cause of action is simple negligence.

We are bound by the statutory language which abrogates the federal common law cause of action for simple negligence provided the legislative intent does not contradict our conclusion in an unequivocal manner.

## B.

According to the FDIC, Congress enacted FIRREA to strengthen bank and director liability laws by providing a federal cause of action based on gross negligence even in those states with lenient laws that absolved director's negligence.

The FDIC notes that the savings clause is derived from the amended version of S. 774, § 214(n), which preceded the House version of FIRREA by two months. The meaning of the savings clause is enunciated in Senate Report No. 19, 101st Cong., 1st Sess., 135 Cong.Rec. S6907, S6912 (June 19, 1989), a document that analyzes S. 774, section-by-section. The report, published two months after the bill's adoption, was prepared by the committee that drafted the bill. The report states as follows:

> This subsection does not prevent the FDIC from pursuing claims under State law or under other applicable Federal law, if such law permits the officers or directors of a financial institution to be sued (1) for violating a lower standard of care, such as simple negligence, or (2) on an alternative theory such as breach of contract or fiduciary duty. . . .

If this were the only piece of legislative history available, the FDIC's argument might be persuasive. There are problems with the committee report itself, however, as well as contrary evidence of legislative intent. The *Gallagher* court discounted the senate committee report because it was published two months after the initial vote. *Id.* at 421; *Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 407, 107 S.Ct. 750, 761, 93 L.Ed.2d 757 (1987) (declining to rely heavily on statement made by sponsor after the law passed).

As additional evidence that the report should be discredited, the *Gallagher* court noted that the law, in its original draft, explicitly provided for the simple negligence

standard. That provision was deleted. *See FDIC v. McSweeney,* 976 F.2d 532, 540 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2440, 124 L.Ed.2d 658 (1993). Further, the court emphasized that comments during the debate reflected concern that authorizing a claim under simple negligence would keep qualified people from seeking or retaining positions as officers and directors. *Gallagher,* 10 F.3d at 422. Finally, post enactment legislative history, although not as persuasive as contemporaneous history, reveals two later attempts to amend § 1821(k) to codify a simple negligence standard. *Miramon,* 22 F.3d at 1363; *Cannon v. University of Chicago,* 441 U.S. 677, 687 n. 7, 99 S.Ct. 1946, 1952 n. 7, 60 L.Ed.2d 560 (1979). No amendment would be necessary if the savings clause preserved federal common law claims for simple negligence.

We find the analysis of the legislative history contained in both the *Gallagher* and *Miramon* decisions persuasive on this issue. The legislative intent underlying director liability is insufficient to overcome the plain meaning of the statute.

### III.

█ We have determined that federal common law claims are preempted by § 1821(k), and now address whether the district court should have granted the FDIC leave to amend its complaint to allege a claim of gross negligence. We review the district court's denial of the FDIC's motion to amend its complaint under the abuse of discretion standard. *Lawler v. Marshall,* 898 F.2d 1196, 1200 (6th Cir.1990). In conducting this review, we are mindful that Rule 15(a), Fed. R.Civ.P. requires that leave to amend be "freely given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Here, the FDIC believes that the facts support a finding that leave should have been granted. It had not amended its complaint previously; the defendants have not engaged in any discovery and other than the motion to dismiss, no substantive activity has occurred in the litigation. The FDIC's amendment would merely insert the term "gross negligence" wherever the term "negligence"

is used in the complaint. In all other respects the amended complaint would be identical to the original.

The district court denied the FDIC's motion in a marginal entry order. The marginal entry order violates Fed.R.Civ.P. 58 and although its use renders our task more difficult, *Hooker v. Weathers,* 990 F.2d 913 (6th Cir.1993), we have reviewed the record and searched for any basis upon which the district court denied the motion. In *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir.1981), the court held that the absence of any explanation for the denial of a motion to amend need not result in reversal provided the reasons are "readily apparent, particularly in view of the liberal position of the federal rules on granting amendments." (citations omitted). Here, we are unable to discern any reason for the district court's denial of the motion. Accordingly, we reverse the district court's order denying plaintiff's motion for leave to amend to include claims under a gross negligence theory and remand for further proceedings consistent with this opinion.