Joel R. GAFF, on behalf of himself, as a class action on behalf of all others similarly situated, and as a stockholder's derivative action for the benefit of the corporation, Plaintiff–Appellant,

Federal Deposit Insurance Corporation, in its corporate capacity, Intervening Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of National Bank & Trust Co. of Traverse City, a National Banking Association, et al.; David E. Pearce; Bruce W. Mann; and other unknown defendants (88–1566), Defendants–Appellees.

Robert S. COLLINS; Maxine Collins; Mark S. Collins; Karen Collins Brown; Margaret C. Strong; Carter C. Strong, Jr.; Brian E. Strong; Nancy R. Strong; Arthur Versluis; Frank W. Tezak; Donald Arnold; Thereon McGillis; Elizabeth McGillis; Howard Reenders; Bernard Schiopieray; Virginia Schiopieray; Keith Rose; Donald G. Jennings; Donald C. McKenzie; Amber C. Mark; Bernard L. Pleva; Irene Pleva; Paul Pleva; John R. Pleva; Donna K. Pleva; Vernon Elzinga; George W. Kelderhouse; Agnes C. Kelderhouse; Gerald J. Brow; William C. Andresen; Diann Godbold, on behalf of themselves, and as a class action on behalf of others, as herein described, defined, similarly situated, Plaintiffs–Appellants,

v.

Bruce W. MANN; Bernard J. Kroupa; James P. Preuett, and other unknown defendants (89–1044/1066), Defendants–Appellees.

Nos. 88–1566, 89–1044 and 89–1066.

United States Court of Appeals, Sixth Circuit.

May 20, 1991.

ORDER ON MOTION FOR APPROVAL OF SETTLEMENT AND ON PETITION TO REHEAR

Before MERRITT, Chief Judge, NELSON, Circuit Judge, and LIVELY, Senior Circuit Judge.

After issuing its opinion in the *Gaff* case, No. 88–1566, on November 19, 1990, 919 F.2d 384, the Court requested our Court's Settlement Officer, Mr. Robert Rack, to determine if the *Gaff* case, No. 88–1566, and the *Collins* case, Nos. 89–1044 and 89–1066, may be settled in order to avoid the expense of further litigation. As a result the parties to both cases, which arise from a common core of operative facts, have now settled their claims. The settlement includes the reinstatement of the District Court's decision of November 1988 in the *Gaff* case, No. 88–1566, dismissing the shareholder claims and the dismissal of the *Collins* appeals. The Court approves the settlement agreement.

Accordingly, it is so ORDERED.

After considering the settlement process undertaken and the parties' petition to rehear, we modify our opinion in the *Gaff* case on November 19, 1990, No. 88–1566, by adding at the end of Section III of our opinion the following paragraph:

Where settlement of litigation involving FDIC would be facilitated by the prior adjudication of the legal sufficiency of the shareholder claims under Rule 12(b)(6), on summary judgment, or otherwise, the district court may lift the stay on the prosecution of shareholder claims and proceed to determine the sufficiency thereof. As a result of the settlement process and the rehearing petitions, the Court has learned that its prior opinion did not take fully into account the procedural steps needed to facilitate a settlement process in such cases. We therefore make this modification in our earlier opinion.

Accordingly, it is so ORDERED.