**RESOLUTION TRUST CORPORATION,**
**Plaintiff,**

**v.**

**John M. GIBSON, William R. Kidwell, Jr., Robert K. McBride, Steven W. Mathena, Charles F. Mehrer, III, John W. Lounsbury, Floyd R. Gibson, Gertrude W. Gibson, Joseph H. Peters, William L. Brooks, William R. Cockefair, Jr., Ew-**

ing L. Lusk, Jr., Paul F. Woodard, Hugh G. Hadley, L.H. Johanson, Jack L. Reddin, M.D., Annette N. Morgan, Personal Representative of the Estate of William B. Morgan, deceased, and Campbell, Morgan & Gibson, P.C., Defendants.

No. 92–0140–CV–W–8–6.

United States District Court, W.D. Missouri, W.D.

June 1, 1993.

Clifford K. Stubbs, Lawrence D. Greenbaum, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Patrick D. McAnany, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, David A. Vorbeck, Resolution Trust Corp., Kansas City, MO, Charles A. Getto, Lenexa, KS, for Resolution Trust Corp., plaintiff.

Joel Pelofsky, Russell S. Jones, Jr., Robert R. Raymond, James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for John M. Gibson and William R. Kidwell, Jr.

Steven W. Mathena, pro se.

Daniel R. Young, Smith, Gill, Fisher & Butts, Kansas City, MO, for Charles F. Mehrer, III.

Franklin T. Thackery, Daniel Lee Duncan, Martin M. Bauman, Martin M. Bauman, P.C., St. Joseph, MO, for John W. Lounsbury.

Patrick C. Cena, Thomas E. Deacy, Jr., Deacy & Deacy, Kansas City, MO, Joel Pelofsky, Russell S. Jones, Jr., James C. Sullivan, Shughart, Thomson & Kilroy, Kansas City, MO, for Floyd R. Gibson, Gertrude W. Gibson.

Donald W. Giffin, Spencer, Fane, Britt & Browne, Kansas City, MO, for Joseph H. Peters, Hugh G. Hadley.

Peter E. Strand, Shannon Reynolds Spangler, Shook, Hardy & Bacon, Kansas City, MO, for William L. Brooks.

James W. Humphrey, Jr., Kuraner & Schwegler, Kansas City, MO, Daniel Lee Duncan, St. Joseph, MO, John B. Gillis, Kuraner & Schwegler, Kansas City, MO, for William R. Cockefair, Jr.

Daniel Lee Duncan, St. Joseph, MO, Glenn McCann, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, for Ewing L. Lusk, Jr., Jack L. Reddin, M.D.

David M. Harding, Van Osdol, Magruder, Erickson & Redmond, P.C., Kansas City, MO, for Paul F. Woodard.

Michael J. Thompson, John G. Mazurek, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Annette N. Morgan, Personal Representative of the Estate of William B. Morgan, deceased.

## MEMORANDUM AND ORDER

SAFFELS, District Judge, sitting by designation.

This matter is before the court on motions by the plaintiff Resolution Trust Corporation ("RTC") to strike certain affirmative defenses pleaded by the various defendants (Doc. 174), and on motions to dismiss filed by defendants John Gibson, Gertrude Gibson, and William Kidwell (Doc. 254) and Floyd Gibson (Doc. 259). This is an action for damages against former officers and directors of Blue Valley Federal Savings and Loan Association ("Blue Valley").

### MOTION TO STRIKE AFFIRMATIVE DEFENSES

The RTC moves this court to strike certain affirmative defenses pleaded in the answers of John M. Gibson, William R. Kidwell, Jr., Floyd R. Gibson, Gertrude W. Gibson, Charles F. Mehrer, III, John W. Lounsbury, Joseph H. Peters, Hugh G. Hadley, William L. Brooks, William R. Cockefair, Jr., Ewing L. Lusk, Jr., Paul F. Woodard, Jack L. Reddin, and Annette N. Morgan, personal representative of the estate of William B. Morgan.

As an initial matter, the court finds that the motion is moot as to defendant William L. Brooks, because the court recently approved a settlement between Mr. Brooks and the RTC. The court also is aware that some of the defendants listed above have reached a settlement with the RTC in principle, but the settlements have not been formalized. It

appears to the court, however, that all of the defenses subject to this motion are pleaded by defendants who have not reached a settlement and the court must address the merits of the RTC's motion as to each affirmative defense. The court will note that its order is effective as to the defendants remaining in the case at the time this order is filed. Further, the court will address the affirmative defenses without reference to which defendants rely upon each defense. Those defenses stricken may not be maintained by any defendant and those not stricken are available, subject to filing deadlines, to any defendant as applicable.

[1] The RTC brings this motion pursuant to Fed.R.Civ.P. 12(f), which states in pertinent part:

> Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike are viewed with disfavor and are infrequently granted. *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977). "The motion to strike will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Resolution Trust Corp. v. Kerr,* 804 F.Supp. 1091, 1098 (W.D.Ark.1992).

The RTC first seeks to strike the defense of comparative negligence. The primary argument is that the defendants cannot compare the conduct of government regulators and agencies with their own conduct. The RTC contends that it owes no duty to the officers and directors of the failed financial institution, so as a matter of law, there can be no negligence. The duty owed by the RTC is to the banking public and the insurance fund. A further reason the RTC asserts that the defense of comparative negligence must be stricken is that governmental entities such as the RTC should not be subjected to judicial second guessing.

■ The case law is overwhelmingly in favor of striking comparative or contributory negligence defenses pleaded in cases such as the one at bar. *First State Bank of Hudson County v. United States,* 599 F.2d 558, 561–66 (3rd Cir.1979); *Harmsen v. Smith,* 586 F.2d 156, 157 (9th Cir.1978); *FDIC v. Stuart,* 761 F.Supp. 31, 32 (W.D.La.1991); *FDIC v. Ashley,* 749 F.Supp. 1065, 1068 (D.Kan.1990); *FDIC v. Baker,* 739 F.Supp. 1401, 1406–7 (C.D.Cal.1990); *FDIC v. Greenwood,* 719 F.Supp. 749, 750 (C.D.Ill.1989); *FSLIC v. Burdette,* 718 F.Supp. 649, 663–64 (E.D.Tenn.1989); *FDIC v. Carlson,* 698 F.Supp. 178, 179 (D.Minn.1988); *FSLIC v. Roy,* 1988 WL 96570 at 1, 1988 U.S.Dist.LEXIS 6840 at 4, (D.Md.1988); *FDIC v. Berry,* 659 F.Supp. 1475, 1484 (E.D.Tenn.1987). But see, *FDIC v. Harrison,* 735 F.2d 408, 412–13 (11th Cir.1984); *FDIC v. Cherry, Bekaert & Holland,* 742 F.Supp. 612 (M.D.Fla.1990); *FDIC v. Carter,* 701 F.Supp. 730 (C.D.Cal.1987).

The primary reasoning relied upon in the cases to strike the comparative negligence defense is the absence of duty owed to the directors or officers of the failed financial institution by the federal regulatory agencies. The statutes creating regulatory agencies such as the Federal Deposit Insurance Corporation ("FDIC") and the RTC provided for federal oversight intended to protect the public, the insurance fund and the depositors. *FDIC v. Isham,* 782 F.Supp. 524, 531 (D.Colo.1992). Therefore, the duty runs to these entities, although the officers and directors may benefit indirectly. *Id.* Some courts articulate the absence of duty as the recognition of the policy that federal oversight is directed to the public good, which is embodied in the statutes creating the federal regulatory agencies. The public should not have to bear the risk of errors in judgment by the federal regulators. *FDIC v. Greenwood,* 719 F.Supp. at 750. Further, the courts have stated that actions of the federal agencies in collecting the assets of the failed financial institution cannot be subjected to second guessing by the very individuals, officers and directors, who are accused of the wrongdoing. *Resolution Trust Corp. v. Kerr,* 804 F.Supp. 1091, 1099–1100 (W.D.Ark. 1992).

The court recognizes there are some cases which allow the defendant directors and offi-

cers to maintain affirmative defenses based upon the federal regulatory agency's conduct. One in particular bears mentioning because of its analysis of this issue. In *FDIC v. Carter*, the court analyzed the FDIC's actions in terms of whether they were ministerial or proprietary. The court determined that the FDIC's actions in disposing of the assets of the bank were purely ministerial and not grounded in economic or social policy. 701 F.Supp. at 736.[1] Thus, the FDIC's actions could serve as a basis for liability, because the FDIC owed a duty to the officers and directors not to negligently fail to collect on the bank's outstanding loans. *Id.*

This court, however, finds the reasoning of the majority position persuasive. Analyzing the actions of the agency to determine whether they were ministerial or proprietary may lead to murky and inconsistent results. This is not a tort case brought under the Federal Tort Claims Act, where the actions of the RTC might be implicated. By virtue of the statutory authority conferred on the RTC to oversee the failed financial institutions, at issue are important public policy concerns, such as the need to stabilize the banking industry and promote public confidence. *Resolution Trust Corp. v. Greenwood*, 798 F.Supp. 1391, 1397 (D.Minn.1992). Whether it is phrased as an absence of duty or for public policy reasons, the court finds that the defendants may not compare their fault with that of the RTC. Therefore, the defense of comparative negligence is insufficient as a matter of law, as it applies between the RTC and the defendants. As aptly stated by one court:

> Finally, this area of the law is plagued with shifting fine lines and subtle distinctions between the varying capacities of the FDIC and between ministerial and proprietary functions. The rule in this case paints a bright line and maintains focus on the persons whose alleged wrongdoing brought about an insolvency in the first instance. *FDIC v. Isham*, 782 F.Supp. at 532.

Further, to the extent any of the defendants attempt to use comparative negligence to compare their fault with a non-party, the court finds this defense prohibited by Missouri law. *Jensen v. ARA Services, Inc.*, 736 S.W.2d 374, 377 (Mo.1987). The defendants may, however, seek to have their fault compared with that of the other defendants.

■ Finally, defendant Mehrer contends the RTC must still prove causation and the extent of damages. The court agrees the defendants may argue that their actions were not the proximate cause of the institution's financial loss, so long as they do not seek to put the conduct of the RTC at issue. *Resolution Trust Corp. v. Greenwood*, 798 F.Supp. at 1398. As stated by the court in *Resolution Trust Corp. v. Kerr*, 804 F.Supp. at 1100, this is simply an argument that the RTC has failed to make a prima facie case of negligence, and not an affirmative defense. The court recognizes the fine line between characterizing an argument as one of proximate cause and actually putting the RTC's conduct in issue. The court believes, however, that a distinction must be made to allow the defendants to challenge whether the plaintiff has met its burden of proof.

■ The RTC next argues that the defenses of mitigation of damages or avoidable consequences should be stricken. Again, the RTC contends these defenses merely serve to challenge the RTC's actions. These defenses seek to diminish the amount of recovery by the RTC based upon the regulatory agency's actions.

The court has carefully considered the issue of mitigation of damages and finds that this defense must also be stricken. The court agrees with the defendants' assertions that the success of this defense does not depend on a duty owed by the RTC to the officers and directors. The court further recognizes that under Missouri law, an injured plaintiff has a duty to mitigate its damages. *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 142 (Mo. 1974). This is a general duty and not one

---

1. The court believes this finding has been overruled by *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). *FDIC v. Stanley*, 770 F.Supp. 1281, 1309 (N.D.Ind. 1991).

owed specifically to the directors and officers.

The court is persuaded, however, that public policy weighs in favor of the public not bearing the risk for errors in judgment made by the RTC. Further, the court is not inclined to allow the RTC's actions to be subjected to second guessing by the officers and directors of the failed financial institution. In reaching its decision, this court balanced the danger that the RTC would never be held accountable if its actions were, in fact, irresponsible, with the policy of not forcing the public to bear the losses for errors in judgment. The defense of mitigation of damages will be stricken.

■ Several defendants pleaded the defense of latches. This defense may not be maintained in suits brought by the United States. *Bostwick Irrigation Dist. v. United States*, 900 F.2d 1285, 1291 (8th Cir.1990). Further, no defendant has contested the RTC's motion to strike the affirmative defense of laches. Therefore, the defense of latches is legally insufficient and will be stricken. In addition, no defendant has contested the motion to strike the affirmative defenses of assumption of risk, improper venue, failure to join indispensable parties, or standing/real party in interest. They will be ordered stricken.

■ Many of the defendants pleaded waiver and estoppel as affirmative defenses, as well as due process. Although the defendants must show affirmative misconduct to maintain the equitable estoppel defense, *McDermott v. United States*, 760 F.2d 879, 882 (8th Cir.1985), all of these defenses are more fact based and the court will not strike them at this point in the litigation. They may be the subject of a later dispositive motion or motion in limine.

In summary, the court will strike the following affirmative defenses: comparative negligence, mitigation of damages, laches, assumption of risk, improper venue, failure to join indispensable parties, and standing/real party in interest. At this time, the defenses of waiver, equitable estoppel, and due process will be allowed to stand.

## MOTION TO DISMISS

The motions to dismiss filed by John Gibson, Gertrude Gibson, and William Kidwell, and Floyd Gibson assert that under federal law a gross negligence standard has been established for officer and director liability. The defendants assert that 12 U.S.C. § 1821(k) established such a standard of liability and prohibits the RTC from maintaining its causes of action for breach of fiduciary duty and simple negligence. In addition to being the subject of these motions to dismiss, the RTC maintains the affirmative defenses pleaded by, at least, John Lounsbury, Joseph Peters, William Cockefair and Hugh Hadley based upon federal preemption should be stricken. For the reasons set forth below, the defendants' motions to dismiss will be denied and federal preemption will be stricken as an affirmative defense.

■ Motions to dismiss should be granted only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court must view the complaint in the light most favorable to the plaintiff without consideration to whether the court believes the plaintiff will be able to prove the factual allegations to support its claim. *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 821 (8th Cir.1983).

The defendants' primary argument for dismissal is that the RTC's complaint, to the extent it pleaded causes of action for less than gross negligence, fails to state a claim upon which relief can be granted. Two United States Circuit Courts of Appeal have addressed the issue of whether 12 U.S.C. § 1821(k) established a federal gross negligence standard and both found to the contrary. *F.D.I.C. v. McSweeney*, 976 F.2d 532 (9th Cir.1992); *F.D.I.C. v. Canfield*, 967 F.2d 443 (10th Cir.1992). 12 U.S.C. § 1821(k) reads in pertinent part:

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action ... for gross negligence, including any similar conduct or conduct that dem-

onstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation [RTC] under other applicable law.

The RTC contends this statute preempts only state statutes requiring more culpable conduct than gross negligence. Defendants, on the other hand, contend that the statute established a gross negligence standard and prohibits actions based on simple negligence.

As noted by the court in *Canfield*, the majority of United States District Courts which have addressed this issue agree with the RTC's position. 967 F.2d at 446, n. 3. The court in *Canfield* analyzed the plain language of the statute and found that the language "may be held liable" was permissive and did not limit the liability of officers and directors. *Id.* To give meaning to the defendants' interpretation, the court would have to insert a word so the statute would read "may only." *Id.* The court further found that the last sentence referring to "other applicable law" meant all other applicable law. *Id.* Thus, if a state allows actions based upon simple negligence, such actions are still viable.

In *FDIC v. McSweeney*, the court also looked at the general congressional intent in analyzing the plain language of the statute. "The purposes of FIRREA, as expressed by Congress in the statute's opening provision, include '*strengthen[ing] the enforcement powers* of Federal regulators of depository institutions' and '*strengthen[ing] the civil sanctions* and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors.'" *FDIC v. McSweeney*, 976 F.2d at 537 (emphasis in original) (quoting Pub.L. No.

101–73, § 101(9), (10), 103 Stat. 183, 187 (1989)).

The court then reached the same conclusion regarding the plain meaning of the language of the statute as did the court in *Canfield.* 976 F.2d at 537–539.

Finally, the court in *Canfield* found that the legislative history was consistent with the interpretation given the statutory language. *FDIC v. Canfield*, 967 F.2d at 448, n. 6. The court in *McSweeney* found that the legislative history was, while at least inconsistent, "devoid of a clear expression of intent contrary to the plain language of FIRREA." *FDIC v. McSweeney*, 976 F.2d at 540.

■ This court is persuaded that the majority position is sound and that 12 U.S.C. § 1821(k) does not establish a gross negligence standard. The statute addresses those situations in which states passed laws attempting to immunize officers and directors of financial institutions from liability. 976 F.2d at 539. To the extent a state statute insulates officers and directors from liability for gross negligence, the state statute is preempted, but state law causes of action for less culpable conduct remain viable. Therefore, the RTC's complaint adequately states a claim and the motion to dismiss will be denied on this basis.

■ The defendants assert two additional arguments in support of their motion to dismiss. They contend that Count 1, pleading breach of fiduciary duty is insufficient because it does not allege the essential element of self-dealing on the part of the officers and directors. Further, they contend the business judgment rule prohibits an action based upon simple negligence, so Count II, to the extent it pleads simple negligence, must be dismissed. The court finds both arguments are without merit.[2]

---

**2.** The defendants also contend, relying upon *Resolution Trust Corp. v. Gallagher*, 800 F.Supp. 595 (N.D.Ill.1992), that, because Blue Valley was a federally chartered institution, the RTC can only rely upon federal law causes of action. Therefore, 12 U.S.C. § 1821(k) would limit the defendants' liability to gross negligence. Because the court in *Canfield*, 967 F.2d at 446, held that "other applicable law" means all other law, including state law, the court finds the defendants'

argument to be without merit. There is nothing to suggest that officers and directors of federally chartered institutions are only subject to federal causes of action. Further, the court notes that *Gallagher* was modified upon reconsideration because the court was under the misapprehension that the financial institution was federally chartered. *RTC v. Gallagher*, 1992 WL 370248 (N.D.Ill., Dec. 2, 1992).

**1110**

First, the court agrees with the RTC's analysis that *Forinash v. Daugherty,* 697 S.W.2d 294 (Mo.App.1985) did not limit the concept of fiduciary duty to requiring self-dealing, and the court cannot find any case requiring that self-dealing be pled. Further, even if self-dealing were an essential element of breach of fiduciary duty, the court finds that the RTC's complaint adequately states a claim. The court cannot say that the RTC can prove no set of facts in support of its claim which will entitle it to relief.

 Further, the court finds that the business judgment rule does not require the dismissal of Count II of the complaint. The RTC alleges conduct that, if proved at trial, would show that the defendants failed to act in good faith in conducting the business of Blue Valley. Again, the court cannot say that the RTC can prove no set of facts in support of its claim which will entitle it to relief. Further, on the basis of the authority cited in the defendants' motion to dismiss, the court cannot find that application of the business judgment rule bars any claims against the officers and directors for simple negligence. The defendants, however, may reassert this argument at trial and the court will further consider the issue.

**IT IS BY THE COURT THEREFORE ORDERED** that the RTC's motion to strike affirmative defenses (Doc. 174) is granted in part and denied in part and the defenses of comparative negligence, mitigation of damages, laches, assumption of risk, improper venue, failure to join indispensable parties, and standing/real party in interest are ordered stricken.

**IT IS FURTHER ORDERED** that the motions to dismiss filed by defendants John Gibson, Gertrude Gibson, and William Kidwell (Doc. 254) and Floyd Gibson (Doc. 259) are denied.